FILED

2008 May-29  AM 10:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **MICHAEL D. WILLIAMS,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 07-J-1667-J |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of Social** ] | |
| **Security**, ] | |
| ] | |
| Defendant. | |

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. The case is now properly before the court.  *See* 42 U.S.C. § 405(g).  Upon conclusion of the first hearing before the Administrative Law Judge ("ALJ"), the ALJ determined insufficient evidence of disability was contained in the record and sent the plaintiff for a consultative examination (R. 297-299).   The plaintiff was referred for a consultative examination, and the ALJ thereafter held a second hearing (R. 301).  At the second hearing, the plaintiff was 48 years old, having been born June 20, 1957 (R. 307).  He is a high school graduate and has less than two years of college (R. 310-311).  The plaintiff has past relevant employment as a sales manager, which the Vocational Expert ("VE") classified as skilled, sedentary work, but stated that the work was medium as the plaintiff performed it (R. 316).

The plaintiff alleges an inability to work due to back spasms, shoulder spasms, his hands "freezing up," pain and migraines (R. 316-317).  He also asserted limitations from carpal tunnel syndrome (R. 293).

The ALJ found that the plaintiff's impairments of degenerative disc disease of the cervical spine, status post cervical disc herniations at C3-4, C4-5, C5-6 and C6-7, and C7-T1, cervical and lumbar spondylosis, and morbid obesity are severe but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation number 4 (R. 17-19).   The ALJ found the plaintiff retained the residual functional capacity to perform sedentary work activity, further limited by no repetitive motions and the need to alternate between sitting, standing and walking at will (R. 19).   Given these limitations, the ALJ found that the plaintiff was capable of performing his past relevant work as a sales manager, based on the VE's testimony regarding how that job is performed in the national economy, but could not perform that job as the plaintiff performed it previously (R. 21-22).   Therefore, the ALJ found that the plaintiff was not under a disability at any time through the date of his decision (R. 22).

The plaintiff argues that the ALJ erred by improperly applying the Eleventh Circuit's pain standard.   Plaintiff's memorandum at 5.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.   The scope of its review is limited to determining:   1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied.   *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).   The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.   *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).   However, this limited scope does not render affirmance automatic,

2

for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

The court notes that the ALJ carefully detailed each of plaintiff's allegations of pain but found that the complete lack of any medical treatment after February 2004, combined with the opinions of the consultative examiners, discredited the allegation of disabling pain (R. 20).  The ALJ further noted that due to the lack of any treatment after February 2004, when the plaintiff quit working, there was no evidence of a disability continuing for twelve consecutive months after that date (R. 20).

During the second hearing, the plaintiff testified that he could lift five pounds with either hand, could sit for 15 to 20 minutes before he needed to get up, stand for 10 to 15 minutes before he needed to sit down, walk for one city block, and needed to lie down for 20 to 30 minutes, depending on how badly he was hurting (R. 334).  The ALJ then asked the VE to assume an individual of the plaintiff's age and education, who could lift ten pounds, could not perform repetitive work such as that needed for assembly jobs, would need to alternate between sitting, standing and walking, with each of those activities limited as set forth by the plaintiff (R. 334-335).  With these specific limitations, the VE testified that there were the jobs of ticket seller, parking lot cashier and office helper (R. 335).  The VE also testified that there would be additional jobs as sales agents and supervisor jobs that exist in significant numbers in the national economy (R. 336).

Given the plaintiff's limitations as he described them, this court finds no error in the ALJ's conclusion that the plaintiff is able to perform the requirements of work which is

essentially limited to the extent that the plaintiff limited himself.  The hypothetical the ALJ

gave the VE took into account the majority of the limitations to which the plaintiff testified.

The VE testified significant numbers of jobs exist within those limitations.[1]

The plaintiff also asserts that the opinion of Dr. Raquib, obtained by the plaintiff

eleven months after the ALJ entered his decision, supports the plaintiff's argument that he

is disabled due to pain.  Plaintiff's memorandum, at 6.  The court has considered this

evidence, submitted by the plaintiff for the first time to the Appeals Council[2] (R. 266-268).

The court finds that Dr. Raquib's opinion that the plaintiff is unable to sit, stand, or walk for

any amount of time during an eight hour day is unsupported by any other evidence in the

record.  No other medical professional has opined that the plaintiff requires complete bed

rest.  Although Dr. Raquib recorded that the plaintiff could perform no activity other than

occasional simple grasping and required constant rest during the day (R. 268), there are

---

[1]The ALJ asked the plaintiff whether he could perform a job like a Laundromat attendant.  The plaintiff stated that he thought he could, but there were no jobs like that where he lived (R. 327-328).

[2]Under *Keeton v. Department of Health and Human Services,* 21 F.3d 1064, 1066 (11th Cir.1994), the lack of new medical evidence on which this opinion is based renders the opinion of Dr. Raquib outside the realm of "new and material" evidence.  Under *Falge v. Apfel,* 150 F.3d 1320, 1323 (11th Cir.1998), because the Appeals Council considered the new evidence, but denied review, and the plaintiff does not seem to challenge that decision of the Appeals Council, this court is not supposed to consider the opinion of Dr. Raquib other than as previously stated under *Keeton*.  However, under *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253 (11th Cir.2007), this court is supposed to consider evidence submitted for the first time to the  Appeals Council. Therefore the court has included the discussion of Dr. Raquib's opinion.  *See Ingram*, at 1267 (finding that the district court erred by not reviewing the decision of the Appeals Council in the light of evidence submitted for the first time to the Appeals Council).

Providing some clarification, the Eleventh Circuit stated more recently:

When a claimant submits new evidence to the AC, the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Social Security Admin.*, 2008 WL 879980, *12 (11th Cir.2008).  Thus, this court has considered the new evidence but finds it does not relate to the time period on or before the date of the ALJ's decision.

4

no medical records from Dr. Raquib.  There is no evidence that Dr. Raquib ever examined the plaintiff or reviewed any medical tests such as previous x-rays.  As such, the court finds that the opinion of Dr. Raquib does not provide objective medical evidence to support the plaintiff's allegations of disabling pain.  Additionally, even assuming that Dr. Raquib's opinion could be considered credible evidence, it does not provide any basis for finding that the plaintiff was that incapacitated at the time the ALJ rendered his decision.

The record demonstrates that while the plaintiff has numerous limitations, his self-described limitations are within the limits found to exist by the ALJ.  The plaintiff has failed to establish he has any limitation or combination of impairments which prevent him from performing all substantial gainful employment.  *See Powell o/b/o Powell v. Heckler*, 773 F.2d 1572, 1576 (11th Cir.1985) (stating that the plaintiff retains the ultimate burden of proof of disability).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 29th  of  May, 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE